No. 83-368

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

IN RE THE MARRIAGE OF
ILENE F. HILT,

          Petitioner and Respondent,

   and

REESE A. HILT,

          Respondent and Appellant.

---

APPEAL FROM: District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

         Timothy J. O'Hare, Lewistown, Montana

     For Respondent:

         Leonard H. McKinney, Lewistown, Montana

---

Submitted on Briefs: December 22, 1983

Decided: April 5, 1984

Filed: APR 5 1984

*Ethel M. Harrison*

—————————————————
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

In its amended decree the Fergus County District Court awarded assets totaling $285,214.41 in value to Ilene F. Hilt (wife) and awarded Reese A. Hilt (husband) assets totaling $283,170.59 in value. In addition the court awarded the wife maintenance in the amount of $800.00 per month, which the husband contests. We affirm the District Court.

The central issue is whether an award of maintenance in the amount of $800.00 per month to the wife is proper under sections 40-4-202 and -203, MCA.

The undisputed findings of fact on the part of the district court establish that the parties had been married 33 years; that there are four adult children of the marriage; that the husband works for Peavey Company, also owns and operates an insurance agency, and is a 1/2 partner in another insurance agency; that the wife has been an excellent homemaker and has cared for and raised the children; that at various times during the marriage, the wife has worked at jobs, assisted the husband in keeping books at his place of work and keeping books for his insurance agency; that the wife has entertained, socialized and made contact with clients of the husband; that the earnings of the parties during the marriage were used for marital purposes; through the industry of the parties, they have amassed substantial assets; and that it is proper that the accumulated property be divided equitably between the parties.

The husband contends that the district court failed to determine the wife's earning capacity from appropriate employment and did not consider such wages in determining her maintenance. In considering this contention as well as other contentions on the part of the husband, it is important to

2

consider the findings as determined by the district court. In particular, finding of fact 16, as amended, provided:

"The division of the marital property herein made is reasonable because it distributes a considerable amount of income-earning and tax-free securities to the Petitioner [wife], thereby enabling her to acquire additional capital assets in the future, in keeping with the practices of the parties in the past.

"The division of the marital property is further reasonable because it distributes to the Respondent [husband] the two insurance agencies he has owned and operated and which give him, with his employment for Peavey, Inc., an income of approximately $60,000.00 per year, thereby enabling him to acquire additional capital assets. He will have retirement income upon his retirement, whenever that occurs.

"The parties were married to each other for 33 years and the division of the marital property herein is designed to equalize, within reason, the comparable income and future capital asset-acquiring possibilities of the parties. Given such equalization, on the basis of past practices of the parties and their level of living, it is the finding of this Court that the Petitioner lacks sufficient property to provide for her reasonable needs. It is also the finding of this Court that the Petitioner is fifty years of age, has no specialized training or education, other than having worked with her husband in the family business as bookkeeper and as a consultant and social helper in meeting and developing friends and potential and actual customers; these in addition to her participation in the family's life as wife and mother. The Petitioner suffers from a very acute allergy to just about everything. This seriously restricts her ability to participate in many activities, predictably including further education and employment.

"It is therefore the finding of this Court that the Petitioner is unable to support herself through appropriate employment, while the Respondent is able, with his business income, to provide support and maintenance to and for the Petitioner."

We have reviewed the transcript and find there is substantial evidence to support the finding of fact 16, as set forth above. The evidence shows an absence of training and education, limited work experience, and acute health problems of the wife, all of which seriously restrict her ability to participate in many activities including further

3

education and employment. The transcript shows that the wife made a serious and sustained effort to obtain employment by registering at various places of business, hospitals, and employment agencies. She was unsuccessful in obtaining such employment. The record further indicates that she will have a hard time finding any employment in the future, even if her health would allow her to work. "Findings of fact shall not be set aside unless clearly erroneous." Rule 52(a), M.R.Civ.P. Finding substantial evidence to support the finding of the district court regarding the wife's lack of earning capacity and employability, we affirm amended finding of fact 16.

The husband further contends that the district court determined the wife's need for maintenance from the attorney's motion to amend rather than from the trial evidence. Amended finding of fact 17 provided:

> "That the standard of living achieved by the parties would cost the Petitioner $1,600.00 per month. The sum of $800.00 per month is a reasonable amount for Respondent to pay Petitioner as her maintenance and support during her life or until she shall remarry. Respondent's income from his business, his employment and his retirement income are sufficient to enable him to pay $800.00 per month support and maintenance to Petitioner."

Husband argues that because a portion of the testimony on the part of the wife established a monthly requirement of $1,283.00, nothing above that amount should have been considered by the court. This disregards substantial evidence in the record which shows that the $1,283.00 figure to which the wife testified did not include any provisions for dental and health insurance and that this standard of living was lower than that to which she had been accustomed during the marriage. Again, we find substantial evidence to support the conclusion on the part of the district court that maintenance of the standard of living to which the wife had

4

been accustomed prior to the dissolution of marriage would require $1,600.00 per month.

Was the award of $800.00 per month as maintenance to the wife proper? This is the principal issue between the parties. Referring to finding of fact 16, the district court concluded that the division of the marital property was designed to equalize, within reason, the comparable income and future capital asset-acquiring possibilities of the parties. Neither party contends that the division failed to accomplish such an equalization. This was the initial step taken by the court.

Following the equalization, the district court considered the issue of maintenance. The court concluded that the wife lacked sufficient property to provide for her reasonable needs in order to obtain a standard of living equal to that prior to dissolution of marriage, and that the wife was therefore entitled to an award of maintenance. The husband disagrees with this conclusion.

The record discloses extensive evidence with regard to asset values and earnings, some of which is contradictory in nature. It is the duty of the trial judge to resolve such conflicts. Cameron v. Cameron (1978), 179 Mont. 219, 227, 587 P.2d 939, 944.

The husband argues that the controlling case is In re the Marriage of Johnsrud (1977), 181 Mont. 544, 572 P.2d 902. In Johnsrud this Court stated:

> "The comments of the code commissioners to these statutes indicate the property division statute and maintenance statute must be read together because they have a dual purpose. In 9 Uniform Law Annotated, Marriage and Divorce Act, §308, p. 494, the comment under the maintenance section states in part:
>
> "'. . . The dual intention of this section [maintenance] and Section 307 [property disposition] is to encourage the court to provide

5

for the financial needs of the spouses by property disposition rather than by an award of maintenance. Only if the available property is insufficient for that purpose and if the spouse who seeks maintenance is unable to secure employment appropriate to his skills and interests or is occupied with child care may an award of maintenance be ordered.'" 181 Mont. at 549, 572 P.2d at 905.

We concluded that:

"[I]t is the first duty of the District Court to equitably distribute the marital property. After the court makes a decision on property division, then any additional needs of a spouse petitioning for maintenance should be readily apparent. If these future needs cannot be met by a property distribution, then a petitioning spouse is entitled to maintenance if he fulfills the requirements of section 48-322, R.C.M. 1947." 181 Mont. at 549-50, 572 P.2d at 905.

The district court in Johnsrud failed to support its property distribution with appropriate findings of fact. The findings were insufficient to form an adequate basis for review. Absent adequate findings and an equitable property distribution, this Court could not reach the secondary matter of maintenance. As a result, the judgment was vacated and the case was remanded for redetermination of the marital assets. The Johnsrud opinion did not address the question at issue here: Whether available property was sufficient to provide for the wife's financial needs, without an additional award of maintenance.

Sections 40-4-202 and -203 MCA, pertaining to division of property and maintenance, must be considered together. As noted in Johnsrud, an equitable distribution of property is a condition precedent to an award of maintenance.

The equitable apportionment requirement of section 40-4-202, MCA is:

"In a proceeding for dissolution of a marriage, . . . the court . . . shall . . . finally equitably apportion between the parties the property and assets belonging to either or both, . . . In making apportionment, the court shall consider the duration of the marriage . . . ; the

6

age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, and needs of each of the parties; . . . whether the apportionment is in lieu of or in addition to maintenance; and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution or dissipation of value of the respective estates and the contribution of a spouse as a homemaker or to the family unit . . .."

On the question of maintenance, section 40-4-203, MCA provides in pertinent part:

"(1) In a proceeding for dissolution of marriage . . . the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:
     (a) lacks sufficient property to provide for his reasonable needs; and
     (b) is unable to support himself through appropriate employment . . .

"(2) The maintenance order shall be in such amounts and for such periods of time as the court deems just . . . after considering all relevant facts including:
     (a) the financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently . . .
     (b) the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;
     (c) the standard of living established during the marriage;
     (d) the duration of the marriage;
     (e) the age and the physical and emotional condition of the spouse seeking maintenance; and
     (f) the ability of the spouse for whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance."

A substantial balancing of varying concepts is required on the part of the district court. The factual record here discloses that the district court took into consideration all of the statutorily required elements.

This case is unusual in that there is substantial property of income-producing capacity, which has been distributed to the wife. As an offset, similar income-producing property was distributed to the husband. We recognize that it may be unusual to require maintenance where

7

the property distributed to the wife has a value of approximately $285,000. However, "each case must be looked at individually, with an eye to its unique circumstances." In re Marriage of Aanenson (1979), 183 Mont. 229, 234, 598 P.2d 1120, 1123.

Here, the district court thoroughly explained the need for its award of maintenance to the wife, in terms consistent with section 40-4-203, MCA. After formulating an equitable division of property, pursuant to section 40-4-202, MCA, the court specifically found that the wife lacked sufficient property to provide for her reasonable needs, even after the distribution of income-producing assets to each of the parties. The court also found that the wife is unable to support herself and that the standard of living achieved by the parties would cost the wife $1,600.00 per month.

It is inappropriate for this Court to retry questions of fact. Where the trial court's division of property and award of maintenance are supported by adequate findings and substantial evidence, they will not be disturbed. In re Marriage of Jorgensen (1979), 180 Mont. 294, 304, 590 P.2d 606, 612; In re Marriage of Aanenson (1979), 183 Mont. 229, 235, 598 P.2d 1120, 1123. We conclude that there is substantial evidence to support the distribution of property and the maintenance award.

We therefore affirm the decree of the District Court.

_____
Justice

We Concur:

_____
Chief Justice

8

_John Conway Harrison_

_John C. Sheehy_

_Frank H. Morris_

Justices