No. 88-449

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

IN RE THE MARRIAGE OF
WARREN HANKINS WASH,

        Petitioner and Appellant,

  and

PEGGY LEE WASH,

        Respondent and Respondent.

APPEAL FROM: District Court of the Fourteenth Judicial District,
In and for the County of Golden Valley,
The Honorable Roy Rodeghiero, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        V. Joe Leckie; Peterson, Schofield & Leckie, Billings,
        Montana

    For Respondent:

        John L. Pratt; Ask & Pratt, Roundup, Montana

Submitted on Briefs: June 8, 1989

Decided: September 19, 1989

Filed:

_____
          Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

In this case we affirm the division of the marital estate in the appeal of the petitioner Warren Harkins Wash from a judgment of marital dissolution entered in the District Court, Fourteenth Judicial District Court, Golden Valley County.

Warren Harkins Wash had been married to Peggy Wash some eight years before their separation in August, 1984. Warren petitioned for marital dissolution. At the time, he was employed as a bus driver for a school district earning $21,762.00 per year under a contract that had four years to run. Peggy had worked for the Milwaukee Railroad before it ceased operations, and at the time of dissolution was working for the Department of Agriculture, earning $10,653.00 yearly or a net of $419.00 every two weeks. Peggy had a 14-year-old daughter by a previous marriage, for whom Peggy received child support in the amount of $100.00 per month. Husband had a child by a previous marriage for whom he paid $75.00 per month.

The husband had undertaken bankruptcy proceedings which absolved him of his debts except for income tax liabilities. The parties filed separate income tax returns for the years 1984 and 1985 for which he incurred a liability of $5,574.00 in 1984, and $2,257.00 in 1985. The wife, because of her filing a separate income tax return for 1984 had an income tax refund of $453.40.

The parties had more liabilities to divide than assets. One liability was a $1,000.00 debt owed to one Walter Meyers for trucking expenses incurred on Warren's behalf. The District Court in its decree awarded two cows to the wife,

- 2 -

with the obligation attached that they be immediately sold and the proceeds implied to the Walter Meyers' debt.

Otherwise the District Court decreed that personal property in each of their possessions be kept by the respective parties, that each party pay his or her own legal fees and costs, that the husband deliver to the wife a motorcycle and that the husband turn over to the wife a hackamore and set of reins as her property. The court further provided that each party be responsible for taxes for prior years based on their separate returns.

Warren attacks the division of the marital estate on the grounds that it is inequitable and that the District Court made no findings which sustained the division. He claims that the District Court gave him a negative $6,640.24 in marital assets while giving the wife a positive $6,784.68 in such assets. He arrived at this conclusion, however, by taking the highest value for the motorcycle, $4,000.00 instead of the $1,500.00 for which testimony appears in the record. Moreover, much of his negative result is because of the income taxes he owes for 1984 and 1985.

The District Court further ordered that the husband pay the wife $200.00 per month for three years as maintenance. The husband attacks this provision of the decree claiming that the award of maintenance was not in compliance with § 40-4-203, MCA, and that the court failed to make the necessary findings to support an award of maintenance.

The wife meets the contentions respecting maintenance by pointing out the eight year duration of the marriage, during which the wife worked to contribute to the marital expenses, and that her earnings are approximately $500.00 short of her necessary monthly living expenses, that his contract as a school bus driver had an additional four years to run, the value of which was not computed in the final judgment, and

- 3 -

that the husband's monthly earnings of $2,418.00 per month clearly enabled him to pay $200.00 a month in maintenance.

We determine here that the trial court did not abuse its discretion in the award of maintenance to the wife, or in the property disposition since the record fails to disclose an arbitrary exercise of discretion. In Re Marriage of Loegering (1984), 212 Mont. 449, 510, 689 P.2d 260, 266; Jerome v. Jerome (1978), 175 Mont. 429, 431, 574 P.2d 997, 998. When, as in this case, the District Court makes an equitable distribution of property, and then determines that the property is insufficient to provide for the spouse's financial needs, it may award maintenance. Hilt v. Hilt (1984), 209 Mont. 140, 145, 679 P.2d 783, 786.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

- 4 -