No. 04-109

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 276

IN RE THE MARRIAGE OF

DAVID LEROY ROLF,

Petitioner and Appellant,

and

CHRISTINE MARIE ROLF,

Respondent and Respondent.

APPEAL FROM:    District Court of the Fourth Judicial District,
                In and for the County of Missoula, Cause No. DR-98-86082,
                The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Laurence J. Ginnings, Attorney at Law, Missoula, Montana

        For Respondent:

                Terry L. Wolfe, Sol & Wolfe Law Firm, PLLP, Missoula, Montana

                                        Submitted on Briefs:  June 15, 2004

                                        Decided:    October 5, 2004

Filed:

        _____
                            Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Appellant David Leroy Rolf (David) filed a petition for dissolution of marriage in the Fourth Judicial District Court, Missoula County. He appealed the judgment of the District Court awarding marital assets to his former spouse, Christine Marie Rolf (Christine). This Court remanded for further determination regarding the value of the estate and its distribution. *In re Marriage of Rolf*, 2000 MT 361, 303 Mont. 349, 16 P.3d 345 (*Rolf I*). On remand, the District Court awarded Christine a smaller portion of the marital estate and maintenance.

¶2 David subsequently appealed the second judgment of the District Court awarding reduced marital assets and maintenance awards to Christine. This Court affirmed the District Court's maintenance award and remanded for further determination regarding the value of the estate and its distribution in lieu of the supplemental maintenance award. *In re Marriage of Rolf,* 2003 MT 194, 316 Mont. 517, 75 P.3d 770 (*Rolf II*).

¶3 David now appeals the third opinion and order of the District Court awarding Christine supplemental maintenance. We affirm.

¶4 We restate the issues on appeal as follows:

¶5 1. Whether the District Court erred in awarding supplemental maintenance?

¶6 2. Whether the District Court erred in awarding supplemental maintenance based upon the appreciated marital estate?

¶7 3. Whether the District Court interjected fault into its determination of maintenance?

**FACTUAL AND PROCEDURAL BACKGROUND**

¶8 This is the third appeal to come before this Court in this matter. Details of the

dissolution proceedings and subsequent appeals are found in our decisions in *Rolf I* and *Rolf II*.

¶9 To summarize, David and Christine were married on November 29, 1996, having endured a tumultuous three-year courting. The couple eventually separated and dissolved their marriage on February 4, 1999. Following the dissolution, the District Court entered its Findings of Fact, Conclusions of Law, and Decree of Dissolution on April 2, 1999. Among many findings, the District Court determined the marital estate had increased $78,778 in value and awarded Christine $80,000 of the value of their Bitterroot Valley home in addition to other personal items and expenses. *Rolf I*, ¶ 41. The District Court did not enter a specific award for maintenance, finding an "award of maintenance to be inappropriate in this matter *in view of* the allocation of property . . . ." *Rolf II*, ¶ 19 (emphasis added). David appealed.

¶10 David's contention in his first appeal was his marriage to Christine was too brief to warrant a substantial property award, and further, the Bitterroot Valley property was a pre-marital asset unsuitable for inclusion in the marital estate. He also maintained the estate did not increase in value during their brief marriage.

¶11 We issued our decision in *Rolf I* on December 27, 2000, affirming the District Court's decision to consider the parties' pre-marital cohabitation in apportioning the marital estate. However, we determined the District Court abused its discretion when it included the Bitterroot Valley home in the marital estate, awarding Christine a portion of the home's value without a proper finding of its appreciated worth. We remanded to the District Court.

¶12 Upon remand, Judge John Larson recused himself and Judge Ed McLean assumed jurisdiction. A remand hearing was then held. On December 26, 2001, the District Court

3

issued its Findings of Fact, Conclusions of Law and Order. *Rolf II*, ¶ 13.

¶13 On this second remand, the District Court adopted most of the findings of fact from the first decision, including the marital estate estimate of $78,778. In addition to awarding Christine $39,000 of the marital estate, the District Court also granted $2,000 per month in maintenance for a period of twenty-four months to restore Christine to the condition she was in prior to the marriage. David again appealed.

¶14 David's primary contention in his second appeal was the District Court exceeded its jurisdiction by hearing issues outside the scope of our remand and failed to develop any evidence supporting the appreciation and distribution of the marital estate.

¶15 We issued our opinion in *Rolf II* on August 4, 2003, affirming the District Court's decision awarding maintenance for twenty-four months and remanding for clarification of the balance of its $39,000 award. Specifically, this Court directed the District Court to determine whether the award was intended as a supplement to the twenty-four month maintenance award or a distribution of the increased value of the marital estate. If the former, the court was to clearly state its intention and ensure it was supported by the record; if the latter, we directed the court to vacate the distribution.

¶16 On remand, the District Court determined the $39,000 award was intended to supplement the twenty-four month maintenance award. David appeals.

ISSUES

¶17 **1. Whether the District Court erred in awarding supplemental maintenance?**

¶18 We review the division of marital property and maintenance awards to determine whether the findings of fact upon which the District Court relied are clearly erroneous. *In*

*re Marriage of Lee* (1997), 282 Mont. 410, 417, 938 P.2d 650, 654. "A finding is clearly erroneous if it is not supported by substantial evidence, if the district court misapprehended the effect of evidence, or if our review of the record convinces us that the district court made a mistake." *In re Marriage of Steinbeisser*, 2002 MT 309, ¶ 17, 313 Mont. 74, ¶ 17, 60 P.3d 441, ¶ 17. Absent clearly erroneous findings, this Court will affirm a district court's division of property unless we identify an abuse of discretion. *In re Marriage of Gerhart*, 2003 MT 292, ¶ 16, 318 Mont. 94, ¶ 16, 78 P.3d 1219, ¶ 16. A district court may award maintenance after the marital property has been equitably divided pursuant to § 40-4-202, MCA, and the court has properly applied the criteria of § 40-4-203, MCA. *In re Marriage of Weed* (1992), 254 Mont. 162, 168, 836 P.2d 591, 594.

¶19 On his third appeal, David argues there is insufficient evidence in the record to support the District Court's determination of $39,000 in supplemental maintenance. He asserts the court, in weighing the factors enumerated in § 40-4-203, MCA, should have considered Christine's ability to support herself both before and after the marriage through various means of employment, as well as her own testimony regarding her modest living expenses. He bases this argument on the assertion the supplemental award is not based on necessity, but rather Christine's attempt to garner more money than the standard of living which she could achieve on her own.

¶20 In response, Christine asserts the District Court correctly determined the supplemental maintenance award based on factors set forth in § 40-4-203, MCA. She contends the standard of living of the parties, not merely of the spouse seeking maintenance, is considered in determining the award of maintenance. Further, she argues her inability to provide for

5

herself through employment was established clearly through the record, noting her destitution upon dissolution forced her to move in with her daughter and son-in-law and their four children.

¶21 Section 40-4-203, MCA, governs awards of maintenance. The statute provides:

(1) In a proceeding for dissolution of marriage . . . , the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:
    (a) lacks sufficient property to provide for his reasonable needs; and
    (b) is unable to support himself through appropriate employment. . . .
    (2) The maintenance order shall be in such amounts and for such periods of time as the court deems just, without regard to marital misconduct, and after considering all relevant facts including:
    (a) the financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently . . . ;
    (b) the time necessary to acquire sufficient education or training or enable the party seeking maintenance to find appropriate employment;
    (c) the standard of living established during the marriage;
    (d) the duration of the marriage;
    (e) the age and the physical and emotional condition of the spouse seeking maintenance; and
    (f) the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

¶22 Although a district court must consider each of the factors listed in § 40-4-203, MCA, it is not necessary the court make specific findings of fact regarding each factor, so long as this Court can determine that the trial judge considered each factor. *In re Marriage of Grende*, 2004 MT 36, ¶ 38, 320 Mont. 38, ¶ 38, 85 P.3d 788, ¶ 38. Based on our review of the record, we conclude there was substantial evidence to support a supplemental maintenance award. While David claims the court "failed to make any findings concerning Christine's income and expenses," the record contradicts this assertion. The District Court determined an award of $2,000 a month for twenty-four months would not allow Christine

6

to meet the deficiency between her pre- and post-dissolution wages, improve her standard of living, or afford a residence without additional help. Specifically, the District Court found "the award of $39,000 would allow Christine to obtain her own residence with some prospect of ownership or to otherwise place herself into a standard of living" resembling that which she enjoyed during the marriage. The District Court also recognized "Christine had a job in the Scottsdale Memorial Hospital that paid approximately $12.50 per hour. After the dissolution, she was forced to take employment that paid $8.50 per hour." Moreover, the standard of living to which Christine had grown accustomed greatly increased during the course of the marriage. The District Court noted Christine's testimony that "[David] paid me monthly payments of a little over four thousand dollars . . ." during the course of the marriage, making her resulting destitution more difficult. Indeed, by David's own testimony and $1,000,000 net worth, the District Court found the lifestyle of the marriage was such that "Christine's income alone plus $2,000 a month would not support her for any amount of time."

¶23     It is also worth noting that our opinion in *Rolf II* dealt substantially with the District Court's factual findings on the second remand, many of which directly addressed the issue of maintenance. Indeed, this Court affirmed the District Court's previous findings that Christine was unable to provide for herself adequately and suffered emotionally as a result of the relationship, having initiated counseling to deal with her problems. *Rolf II*, ¶ 36. We noted that § 40-4-203(2)(e), MCA, provides the emotional condition of the spouse seeking maintenance is a factor to be considered by a district court in awarding maintenance. *Rolf II*, ¶ 36. As we stated in *Rolf II*, "[t]here seems little doubt that, given David's income and

net worth, Christine's limited hourly wages would not allow her to support herself according to the standard established during her marriage to David, who has accumulated an estate worth $1,000,000." *Rolf II*, ¶ 40. Thus, David's current argument that the District Court failed to consider this evidence on his third appeal, after this Court affirmed the previous findings, is misplaced.

¶24 "We have recognized that district courts face a considerable task in determining a maintenance award . . . . [I]n the final analysis, it is not a question of whether we would be persuaded to reach a different conclusion after considering the same evidence. Rather, the test is whether the district court had adequate evidence to support its conclusions." *In re Marriage of Haines*, 2002 MT 182, ¶ 23, 311 Mont. 70, ¶ 23, 53 P.3d 378, ¶ 23. In this case, we hold the District Court's findings are supported by substantial evidence and are not clearly erroneous. Accordingly, we affirm the award of supplemental maintenance to Christine.

¶25 **2. Whether the District Court erred in awarding supplemental maintenance based upon the appreciated marital estate?**

¶26 We review a district court's division of marital property to determine whether the findings of fact on which the court relied are clearly erroneous. *In re Marriage of Engen*, 1998 MT 153, ¶ 26, 289 Mont. 299, ¶ 26, 961 P.2d 738, ¶ 26. If the findings are not clearly erroneous, we will affirm the distribution of property unless the court abused its discretion. *Engen*, ¶ 26. To conclude that a district court abused its discretion in dividing marital property, we must determine that the district court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. *Engen*, ¶ 26.

8

¶27 On appeal, David argues the District Court erroneously found the marital estate had appreciated in value to $78,778 and then arbitrarily awarded half the marital estate's appreciated value as supplemental maintenance without considering an actual decrease in his marital assets.

¶28 In response, Christine contends the District Court properly considered the intermingling of the property distribution and maintenance statutes as applied by this Court in *Rolf II* pursuant to §§ 40-4-202 and -203, MCA.

¶29 As we stated in *Rolf II*, it is well established that §§ 40-4-202 and -203, MCA, covering distribution of property and maintenance, respectively, "must be considered together." *In re Marriage of Hilt* (1984), 209 Mont. 140, 146, 679 P.2d 783, 786. As indicated in the Commissioners' Note to these statutes, the "dual intention [of the maintenance and property sections] is to encourage the court to provide for the financial needs of the spouses by property disposition rather than an award of maintenance." *Hilt*, 209 Mont. at 145, 679 P.2d at 786. According to this Court, property and maintenance awards are to be considered in tandem, with a clear preference for awarding property first. *Hilt*, 209 Mont. at 145, 679 P.2d at 786.

¶30 The maintenance statute specifically contemplates awarding maintenance when the court considers "all relevant facts including the financial resources of the party seeking maintenance, including marital property apportioned to him . . . ." Section 40-4-203(2)(a), MCA. In this case, the District Court originally determined $39,000 in property *and* twenty-four months of maintenance at $2,000 per month would allow Christine to maintain a semblance of her previous standard of living. Without the property award, which the District

9

Court has now clarified as being a supplement to maintenance, Christine would be without sufficient funds to maintain her former standard of living. As we stated in *Rolf II*:

> Thus, if the district court in the original proceeding had intended to award Christine $80,000 from the value of the marital home *in lieu of maintenance*, and had made such an intent clear, together with making the necessary findings supporting an award of maintenance, then the $80,000 award could conceivably have been sustained as maintenance, even without a showing that the home had increased in value and that Christine's efforts facilitated the maintenance of the property.

*Rolf II*, ¶ 23. The District Court has clarified its ruling and determined the $39,000 does supplement the maintenance award of $2,000 a month for twenty-four months. The District Court's decision to award maintenance was supported by appropriate findings of fact which were, in turn, amply supported by the record. Accordingly, we affirm the award of maintenance to Christine.

¶31 **3. Whether the District Court interjected fault into its determination of maintenance?**

¶32 A district court has broad discretion to adopt any reasonable valuation of property and maintenance supported by the record, *In re Marriage of Bee*, 2002 MT 49, ¶ 34, 309 Mont. 34, ¶ 34, 43 P.3d 903, ¶ 34, and this Court will not substitute its judgment for that of the trial court on such matters. *In re Marriage of Oehlke*, 2002 MT 79, ¶ 21, 309 Mont. 254, ¶ 21, 46 P.3d 49, ¶ 21.

¶33 On appeal, David contends the District Court interjected fault into its determination of maintenance. Specifically, David asserts the language used by the District Court in awarding Christine maintenance is indicative of its consideration of marital misconduct.

¶34 In response, Christine argues the supplemental award was not based on "fault" but rather reflects the District Court's attempts to grapple with determining Christine's standard

10

of living during the marriage.

¶35    Based on our review of the record, we conclude the District Court did not consider marital fault in determining Christine's maintenance award. The District Court's Opinion and Order appropriately recognizes the difficulty of accurately determining David's marital estate's value due to his systematic non-disclosure. In this light, and after assessing Christine's reasonable needs and monthly expenses in relation to David's estate, it properly concluded an award of $39,000 plus $2,000 per month for a period of twenty-four months would reflect the standard of living Christine enjoyed during the course of the marriage.

¶36    Therefore, we hold the District Court's decision regarding the amount of maintenance was supported by appropriate findings of fact which were, in turn, amply supported by the record. Accordingly, we affirm the award of maintenance to Christine.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE