DA 13-0148

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 261N

IN RE THE MARRIAGE OF

LOUIS WILLIAM BOSSLER,

       Petitioner and Appellant,

   v.

BRENDA JOY BOSSLER,

       Respondent and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
                In and For the County of Lewis and Clark, Cause No. CDR-2011-382
                Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           KD Feeback; Gough, Shanahan, Johnson & Waterman, PLLP;
           Helena, Montana

       For Appellee:

           Joan Hunter; Hunter Law Office; Helena, Montana

                      Submitted on Briefs:  August 21, 2013

                                 Decided:   September 10, 2013

Filed:

                       _____
                                      Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Louis William Bossler (Bill) appeals the decree of dissolution of the First Judicial District, Lewis and Clark County, awarding Brenda Joy Bossler (Brenda) maintenance of $750 per month for eighteen months, beginning one month after the sale of the marital home. We affirm the District Court.

¶3     Bill and Brenda were married on September 7, 1988, in Helena, Montana. They separated in March 2010, and Bill filed a petition for dissolution on June 27, 2011. Bill and Brenda have no minor children. Bill is employed by Burlington Northern and earns approximately $76,500 per year. At the time of the dissolution hearing, Brenda was self-employed, and her income was significantly less than Bill's. Brenda sought maintenance in the sum of $1,500 per month for a period of three years.

¶4     On October 12, 2012, the District Court entered its Findings of Fact, Conclusions of Law, and Decree of Dissolution. The District Court found that Brenda was employable, had no physical disability, and had experience in the food service industry. However, the District Court also noted that Brenda was unsuccessful in her attempts to secure other employment, testified she could not support herself with her existing employment, and had enjoyed a relatively high standard of living while married to Bill.

2

The District Court determined Bill would be able to meet his own needs while paying some maintenance and found it equitable to award Brenda maintenance of $750 per month for eighteen months, beginning one month after the sale of the marital home.

¶5 Bill raises two issues on appeal. First, Bill argues that the District Court erred when it declared it lost jurisdiction to rule on his M. R. Civ. P. 60 motion upon the expiration of the 60-day deadline. The District Court had granted an extension of time for briefing the motion and then denied the motion for lack of jurisdiction on February 13, 2013, one day after we entered our decision in *Green v. Gerber*, 2013 MT 35, 369 Mont. 20, 303 P.3d 729. Pursuant to *Green*, "the expiration of a time bar does not deprive a district court of the jurisdiction to further act in the matter before it." *Green*, ¶ 24. Thus, the District Court did not lose jurisdiction over the motion. However, Brenda argues the question of whether the District Court should have considered the motion is rendered moot by this appeal, as the issue Bill raised in his motion is now being heard by this Court. We agree with Brenda that our review of the merits of Bill's appeal renders Bill's first issue moot.

¶6 Second, Bill asserts that the District Court erred in awarding maintenance to Brenda. Bill argues that the District Court failed to determine whether or not Brenda lacked sufficient property for her reasonable needs, and that maintenance was inappropriate because Brenda can support herself through her current employment. We review the division of marital property and maintenance awards to determine whether the findings of fact upon which the District Court relied are clearly erroneous. *In re Marriage of Rolf*, 2004 MT 276, ¶ 18, 323 Mont. 216, 99 P.3d 217. Based on the

3

evidence before the District Court concerning the financial situations of the parties, its findings of fact are not clearly erroneous. There is sufficient evidence to support the maintenance award.

¶7 Bill also argues that the District Court erred in failing to consider the income Brenda would receive upon the sale of the marital home. In its findings of fact, the District Court acknowledged the future sale of the marital home and the parties' agreement to share the equity. The District Court was not required to further consider the sale as it had not yet occurred. This Court will not consider subsequent events in reviewing a district court's findings. *In re Marriage of Beadle*, 1998 MT 225, ¶ 20, 291 Mont. 1, 968 P.2d 698. Thus, the subsequent sale of the marital home does not change our review of the District Court's decision.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's factual findings are supported by substantial evidence and are not clearly erroneous.

¶9 We therefore affirm the District Court's decision.

/S/ PATRICIA COTTER

We Concur:

/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ BRIAN MORRIS