No. 04-589

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 89

IN RE THE MARRIAGE OF

NICKI LYNN PAYER,

   Petitioner and Respondent,

  and

JACKSON JEROME PAYER, JR.,

   Respondent and Appellant.

APPEAL FROM:  District Court of the Sixteenth Judicial District,
       In and for the County of Rosebud, Cause No. DR 2003-41,
       The Honorable Joe L. Hegel, Judge presiding.

COUNSEL OF RECORD:

   For Appellant:

     Nancy G. Schwartz, LaRance, Syth & Schwartz, Billings, Montana

   For Respondent:

     George T. Radovich, Attorney at Law, Billings, Montana

          Submitted on Briefs: March 23, 2005

              Decided: April 12, 2005

Filed:

    _____
          Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Appellant Jackson Payer (Jackson) appeals from an amended order entered by the Sixteenth Judicial District Court, Rosebud County, awarding maintenance to his former spouse, Nicki Payer (Nicki). We affirm.

¶2     We address the following issues on appeal:

¶3     1.    Whether the District Court erred by awarding Nicki maintenance before determining the value of the marital estate.

¶4     2.  Whether the District Court erred in determining Jackson's income for purposes of calculating Nicki's maintenance.

## FACTUAL AND PROCEDURAL BACKGROUND

¶5     Jackson and Nicki were married on July 31, 1976, in Deer Lodge, Montana.  The parties separated in March 2003 and on May 2, 2003, Nicki filed a petition for legal separation and later dissolution in the Thirteenth Judicial District Court, Yellowstone County.  The parties later changed venue to the Sixteenth Judicial District Court, Rosebud County.

¶6     Jackson owns a business providing heating, ventilation and air conditioning services. He purchased a van for use in his business in 2002 and deducted the entire cost of the van from his gross income pursuant to § 179 of the Internal Revenue Code (Section 179).  At the time of trial, Jackson suffered an injury while working that limited his ability to perform rudimentary tasks and prompted him to hire an employee to execute the necessary physical work until he recovered from his injuries.

¶7 Nicki is unemployed, but she receives Social Security disability payments stemming from an illness that she contracted at age 14. Nicki's illness has necessitated 20 surgeries and limited the type and extent of work that she can perform as well as the schooling that she can complete. The Social Security Administration periodically reviews her medical condition as it relates to her ability to work and has never found her fit to work. Nicki remains disabled.

¶8 The District Court held a proceeding and entered its Findings of Fact, Conclusions of Law and Decree of Dissolution of Marriage on May 25, 2004, awarding Nicki spousal maintenance in the amount of $1100 and a percentage of the marital estate. Jackson filed a motion to alter or amend the court's judgment, contending the court erred by adding income deductions from his business in its valuation of marital assets and thereby awarding Nicki a disproportionate share of the marital estate in addition to maintenance. The District Court issued its amended order on July 26, 2004, finding that it incorrectly had added the entire amount of Jackson's business deductions for purposes of calculating the marital estate. The court accordingly reduced Nicki's maintenance award to $735, but did not reapportion the marital estate. This appeal follows.

## STANDARD OF REVIEW

¶9 We review a district court's division of marital property and maintenance awards to determine whether the findings of fact upon which the division is based proves clearly erroneous. *In re Marriage of Lee* (1997), 282 Mont. 410, 417, 938 P.2d 650, 654. A district court's findings prove clearly erroneous if they are not supported by substantial evidence,

3

if the court misapprehended the effect of evidence, or if our review of the record convinces us that the court made a mistake. *In re Marriage of Steinbeisser*, 2002 MT 309, ¶ 17, 313 Mont. 74, ¶ 17, 60 P.3d 441, ¶ 17. Absent clearly erroneous findings, this Court will affirm a district court's division of property and award of maintenance unless we identify an abuse of discretion. *In re Marriage of Gerhart*, 2003 MT 292, ¶ 16, 318 Mont. 94, ¶ 16, 78 P.3d 1219, ¶ 16. A district court may award maintenance after marital property has been divided equitably pursuant to § 40-4-202, MCA, and the court properly has applied the criteria of § 40-4-203, MCA. *In re Marriage of Weed* (1992), 254 Mont. 162, 168, 836 P.2d 591, 594.

## DISCUSSION

¶10 **Whether the District Court erred by awarding Nicki maintenance before determining the value of the marital estate.**

¶11 Jackson argues on appeal that the District Court erred in awarding Nicki maintenance before determining an equitable division of the marital estate. Jackson also contends that the court reduced the value of the marital estate in its amended findings, but declined to adjust the equitable division of the estate. Finally, Jackson alleges that Nicki failed to prove that she was entitled to maintenance and that he was able to pay.

¶12 A district court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance lacks sufficient property to provide for his reasonable needs and proves unable to support himself through appropriate employment. Section 40-4-203(1)(a-b), MCA. The district court's maintenance order shall consider, among other things, the amount and duration of the party's request; the financial resources of the party

4

seeking maintenance, including marital property and ability to meet financial needs; the duration and standard of living established during the marriage; the age and the physical and emotional condition of the spouse seeking maintenance; and the ability of the spouse from whom maintenance is sought to meet his needs as well as his spouse. Section 40-4-203(2)(a-f), MCA. Although a district court must consider each of the factors listed in § 40-4-203, MCA, the court need not make specific findings of fact regarding each factor, so long as this Court can determine that the trial judge actually considered each factor. *In re Marriage of Grende*, 2004 MT 36, ¶ 38, 320 Mont. 38, ¶ 38, 85 P.3d 788, ¶ 38.

¶13    We conclude that substantial evidence supported the District Court's maintenance award after it valued and distributed the marital shares. The District Court initially valued the parties' assets and liabilities in determining the marital estate before equitably apportioning and distributing the marital shares to the parties. *In re Marriage of Hilt* (1984), 209 Mont. 140, 146-47, 679 P.2d 783, 786-87 (holding that pursuant to § 40-4-202 and § 40-4-203, MCA, a court may award maintenance after it has made an equitable distribution of property that proves insufficient to provide for the spouse's financial needs). The court awarded Nicki maintenance in the amount of $1100 per month based on her budgetary needs, including standard of living, disability income, and the physical impairment precluding her from work. *In re Marriage of Harris* (1992), 252 Mont. 291, 294, 828 P.2d 1365, 1367 (holding that an award of maintenance was proper based on evidence that a 54-year-old woman who was classified as totally disabled by the Social Security Administration, and as characterized by her own testimony as unemployable, could not work). Although the court

5

later amended its findings to reflect Jackson's business deductions and the corresponding reduction in his income, this correction reflects Jackson's effort to reapportion the martial share, and not an attempt by the court to award maintenance before distributing property. The court thus properly considered the distribution of property and maintenance in tandem. *Hilt*, 209 Mont. at 147, 679 P.2d at 787.

¶14 Nicki lacks sufficient property to provide for her reasonable needs and Jackson will be able to provide for her needs in the future. *In re Marriage of Pfeifer* (1997), 282 Mont. 461, 472, 938 P.2d 684, 691 (maintenance should be awarded only if the spouse lacks sufficient property or is unable to support herself through employment). Jackson does not dispute that Nicki lacks sufficient property to provide for her needs or that he will be able to provide for her needs after he recuperates from his injuries. Further, the court's amended findings reducing the marital estate, but not reapportioning the shares, reflects the court's determination regarding Jackson's greater ability to produce income and acquire assets in the future as well as the reduced maintenance awarded to Nicki. An equitable disposition does not require a 50/50 distribution of the marital estate. *In re Marriage of McNellis* (1994), 267 Mont. 492, 501, 885 P.2d 412, 418.

¶15 We recognize that district courts face a considerable task in determining a maintenance award. In the final analysis, it is not a question of whether we would be persuaded to reach a different conclusion after considering the same evidence. Rather, the test remains "whether the district court had adequate evidence to support its conclusions." *In re Marriage of Haines*, 2002 MT 182, ¶ 23, 311 Mont. 70, ¶ 23, 53 P.3d 378, ¶ 23. Thus,

6

we conclude that appropriate findings of fact supported the District Court's decision to award maintenance that were, in turn, amply supported by the record. We affirm the award of maintenance to Nicki.

¶16 **Whether the District Court erred in determining Jackson's income for the purposes of calculating Nicki's maintenance.**

¶17 Jackson argues that the District Court improperly added to his income business deductions and back taxes in determining Nicki's maintenance. Jackson alleges that the court misconstrued the deduction provision allowing taxpayers to treat the cost of certain property as an expense in one taxable year and instead considered the deduction as a straight line depreciation that would add back income over a period of years. Jackson further contends that the court failed to consider his temporary disability in determining his ability to produce and provide income.

¶18 Section 179 of the Internal Revenue Code allows taxpayers to elect to treat the cost of depreciable property purchased for use in the active conduct of a trade or business as an expense in the year that the property is placed in service, rather than as property that is capitalized and thereafter subject to depreciation over a number of years. *See* 26 U.S.C. § 179. At issue here is whether the District Court should have used a Section 179 deduction claimed by Jackson's business for the benefit of Jackson to lower his monthly net income for the purposes of calculating spousal maintenance. We have not considered the question before and neither party cites any authority directly on point. Jackson contends, however, that we should adopt analogous reasoning from other jurisdictions that have concluded that

7

all "reasonable unreimbursed legitimate business expenses" should be deducted from income in determining child support obligations. *Watson v. Watson* (Wyo. 2002), 60 P.3d 124, 128.

¶19    In *Watson*, the father argued on appeal that the district court erred in recalculating his child support obligation by adding back to his income the business expenses deducted from his federal income tax pursuant Section 179.  The Wyoming Supreme Court held that, unlike depreciation that fails to reflect an actual cash expenditure, a Section 179 deduction reduces available resources from which to pay child support and therefore should not be added back to income.  The court reasoned that in determining a parent's income for child support purposes, all "reasonable unreimbursed legitimate business expenses" such as a Section 179 expense should be deducted from income.  *Watson*, 60 P.3d at 127-28.

¶20    We deem *Watson* inapposite here and instead adopt the reasoning of other jurisdictions that have concluded that depreciation or deductions should not be deducted categorically as an expense or treated as income in all instances, but rather that the extent of its inclusion, if any, should depend on the particular circumstances of each case.  *In re Marriage of Gaer* (Iowa 1991), 476 N.W.2d 324, 328; *see also Stoner v. Stoner* (Conn. 1972), 307 A.2d 146, 151.  This approach remains consistent both with the statutory flexibility afforded to the court to award maintenance "as the court deems just" and our case law permitting district courts wide discretion in determining maintenance awards.  *See* § 40-4-203, MCA; *Harris*, 252 Mont. at 298, 828 P.2d at 1369.

¶21    In *Harris*, the husband argued on appeal that he no longer had sufficient wealth to pay $800 in maintenance to his wife and still meet his own needs.  He contended that the district

court failed to consider that his adjusted gross income included depreciation and payments on certain non-income producing properties. We concluded that substantial evidence supported the district court's order refusing the husband's deductions for non-income producing properties as they would distort his actual income from $30,000 to $22,219. *Harris*, 252 Mont. at 298, 828 P.2d at 1369. We thus ordered the husband to pay $800 per month in maintenance to support his wife. *Harris*, 252 Mont. at 298, 828 P.2d at 1369.

¶22 We conclude that the District Court correctly determined Jackson's income for the purposes of calculating Nicki's maintenance. The District Court properly adjusted Jackson's income from $31,308.40 to $25,541.59 in order to provide him sufficient cash flow to maintain his business and also to meet his maintenance obligations. Further, the court spread the depreciation over the useful life of the van, rather than a substantial part of it being taken in the first and only year, so that Jackson could sustain the business without depriving Nicki of her needs. The court thus concluded that in light of the reduced maintenance and the greater ability of Jackson to produce income and acquire assets in the future, it would decline to adjust the distribution of the marital estate.

¶23 We therefore conclude that appropriate findings of fact supported the District Court's decision to include Jackson's business deductions in calculating Nicki's maintenance award that were, in turn, amply supported by the record.

¶24 We affirm the award of maintenance to Nicki.


/S/ BRIAN MORRIS


We Concur:


9

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON