No. 05-383

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 37N

IN RE THE MARRIAGE OF
RONALD E. MOORE,

      Petitioner and Appellant,

   v.

SANDRA KAY MOORE,

      Respondent and Respondent.

APPEAL FROM:    The District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 2004-1180,
Honorable Ingrid G. Gustafson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jock B. West, West Law Firm, P.C., Billings, Montana

      For Respondent:

          James C. Reuss, Guthals, Hunnes, Reuss & Thompson, P.C.,
Billings, Montana

Submitted on Briefs:  July 25, 2006

Decided:  February 13, 2007

Filed:

_____
               Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Ronald and Sandra Moore (hereinafter Ron and Sandra) were married for thirteen years. At the time of dissolution, Ron was 63 years old and retired. Sandra was 56 years old and still working. Upon dissolution of the marriage, the District Court distributed the parties' assets and debts. Additionally, the court ordered Ron to pay monthly maintenance to Sandra until she reached the age of 62. Ron appeals both the distribution allocation and the obligation to pay monthly maintenance. We affirm.

## ISSUES

¶3 A restatement of the issues on appeal is:

¶4 Did the District Court properly distribute the parties' assets and debts?

¶5 Did the District Court properly award maintenance to Sandra?

## FACTUAL AND PROCEDURAL BACKGROUND

¶6 Ron and Sandra married in February 1992. Both had been married previously and both have adult children from their previous marriages. They have no children together. Throughout the marriage they generally maintained separate bank accounts, and with one exception did not contribute funds to one another's retirement accounts.

2

¶7 At the time of the marriage Ron had been working at Montana Dakota Utilities (MDU) for approximately twenty-five years. He had an established retirement account with MDU as well as various credit union and bank accounts containing premarital funds. During the dissolution proceeding, however, Ron was unable to provide the balances of these accounts as of the date he and Sandra married.

¶8 Ron continued to work at the utility company for the first five years of the marriage, and then resigned with thirty years service. During these five years, Ron deposited his wages and other marital funds into his existing accounts without distinguishing between premarital and marital funds. At the time of dissolution, Ron was retired, had access to retirement income, and was receiving a monthly Social Security benefit check of $1,200.00.

¶9 While married to Ron, Sandra primarily worked 35 hours per week, nine months of the year, for the Billings School District. She additionally worked in retail sales as a second job for several years. At the time of the dissolution hearing in May 2005, she worked solely for the school district as a library clerk at Billings Senior High School earning approximately $9,900.00 per year, and also received a small additional monthly income from the installment sale of a motel previously owned by her parents. As noted by the District Court, while seven years remained on the installment contract, future payments were jeopardized by a lawsuit against Sandra and her siblings for hospital expenses incurred by their parents prior to their deaths.

¶10 During their marriage, the couple acquired numerous assets including, but not limited to, vehicles, trailers, and real property. Many of these items were purchased from

3

Ron's various accounts, all of which contained both premarital and marital funds.  At the time of dissolution, Ron and Sandra's debts were limited to the balance owed on Sandra's car and approximately $8,500.00 in credit card debt.

¶11   Prior to the hearing, the parties were able to agree on the distribution of their household items and personal property.  As a result, the District Court was required to determine only the distribution of vehicles, trailers, the real property and monetary assets. In the court's May 17, 2005, Findings of Fact, Conclusions of Law and Final Decree of Dissolution, it awarded Sandra a small portion of Ron's retirement account premised upon its calculation of the amount of marital funds included in the account.  Similarly, it awarded Sandra a small percentage of the value of the real property, the vehicles and the trailers that had been acquired with funds from Ron's accounts containing both premarital and marital monies.  The District Court also ordered Ron to pay Sandra maintenance until she reached age 62.

¶12    In June 2005 Ron filed a timely notice of appeal and moved to stay proceedings pending the appeal.  On July 8, 2005, the court granted Ron's motion and stayed proceedings during the pendency of this appeal.

## STANDARD OF REVIEW

¶13   We review a district court's division of marital property and maintenance awards to determine whether the findings of fact upon which the division and award are based are clearly erroneous.  A district court's findings are clearly erroneous if they are not supported by substantial evidence, if the court misapprehended the effect of evidence, or if our review of the record convinces us that the court made a mistake.  Absent clearly

4

erroneous findings, this Court will affirm a district court's division of property and award of maintenance unless we identify an abuse of discretion. A district court may award maintenance after marital property has been divided equitably pursuant to § 40-4-202, MCA, and the court has properly applied the criteria of § 40-4-203, MCA. *In re Marriage of Payer*, 2005 MT 89, ¶ 9, 326 Mont. 459, ¶ 9, 110 P.3d 460, ¶ 9 (citations omitted).

## DISCUSSION

¶14     Under § 40-4-202, MCA, district courts are required in a dissolution proceeding to equitably apportion the assets belonging to the parties. Section 40-4-202, MCA, lists numerous factors the court must consider when dividing property acquired before the marriage, during the marriage, or by gift or inheritance. The record reveals that the District Court carefully considered all the factors prescribed by statute as well as relevant circumstances pertinent to this particular marriage and the relationship of the parties.

¶15     While Ron argues that the District Court's distribution does not comport with our instructions in *In re the Marriage of Herrera*, 2004 MT 40, 320 Mont. 71, 85 P.3d 781, *Herrera* is distinguishable. In *Herrera*, the husband was able to definitively establish that the source of the divided assets was wholly premarital or gifted. As a result, the district court erred when it divided these assets equally without considering whether the wife contributed to the appreciation or preserved value of the properties. In the case before us, Ron failed to unequivocally trace the funds used to purchase the divided assets to premarital funds, as opposed to premarital **and** marital funds. Therefore, the District Court formulated a reasonable method, under these circumstances, for calculating the

5

amount of marital funds in the relevant accounts and awarding Sandra a share of these assets based upon her interest in the marital portion of the investment. Moreover, the court clearly considered Sandra's contribution toward the appreciation and preservation of the value of the divided properties. We find no clear error in the court's approach.

¶16 Ron also appeals the District Court's award of maintenance to Sandra. The District Court expressly stated in its Order that it considered the factors set forth in § 40-4-203, MCA, which gives a district court discretion to grant a maintenance award upon the finding of certain conditions. Based on the overall distribution of the parties' property and monetary assets and Sandra's employment circumstances and limitations, the District Court's decision to award maintenance was supported by appropriate findings of fact which were, in turn, supported by the record.

¶17 Therefore, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the record before us that the findings of fact are supported by substantial evidence. Additionally, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted; therefore there was no abuse of discretion by the District Court.

¶18 We affirm the decision of the District Court.

/S/ PATRICIA COTTER

6

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE