DA 08-0652

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 12N

IN RE THE MARRIAGE OF:

WILLIAM HAROLD THOMAS,

   Petitioner and Appellee,

 and

LISA MARIE THOMAS,

   Respondent and Appellant.

APPEAL FROM:  District Court of the Fourth Judicial District,
       In and For the County of Missoula, Cause No. DR 07-38
       Honorable Douglas G. Harkin, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

     Patrick G. Sandefur, Attorney at Law; Missoula, Montana

   For Appellee:

     Raymond P. Tipp, Torrance L. Coburn; Tipp & Buley; Missoula, Montana

         Submitted on Briefs: October 21, 2009

             Decided: January 26, 2010

Filed:

   _____
        Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Lisa M. Thomas appeals from the Findings of Fact, Conclusions of Law, Decree of Dissolution, and Order entered by the Fourth Judicial District Court. We affirm.

¶3 This Court considers the following issues on appeal:

¶4 *I. Did the District Court err in declining to award attorney fees and costs to Lisa Thomas?*

¶5 *II. Did the District Court err in its division of marital assets?*

¶6 *III. Did the District Court err in declining to award maintenance to Lisa Thomas?*

**BACKGROUND**

¶7 The parties, William H. Thomas (Bill) and Lisa M. Thomas (Lisa), were married in Missoula County, Montana on June 16, 1994. The parties have two children, ages 14 and 11. At the time of District Court's decision, Bill operated his own business, Bill's 24-Hour Plumbing. At the time of their marriage, Lisa worked as a part-time waitress

2

and bartender. At the commencement of the District Court proceedings, Lisa operated a tanning Salon that the parties opened together. They took out a second mortgage against their home to finance the business, lease the property and purchase equipment. When the salon began to fail, Bill took over and sold it for $75,000, a loss of $95,000 on the original investment. Over the course of their marriage, the parties incurred substantial personal and business debt. At the time of the appeal, Lisa was unemployed and lived with a male companion with whom she shared accommodations and housing expenses.

¶8      Bill filed a Petition for Dissolution in January 2007. In November 2008, the District Court issued its Findings of Fact, Conclusions of Law, Decree of Dissolution and Order. Lisa was awarded various personal property items and a car. Bill was awarded the marital home, his business, various personal property items and several vehicles. The District Court assigned all debt accumulated prior to January 22, 2007, to Bill. The District Court found that the parties accumulated marital real and personal property during their marriage, but they lived beyond their means and incurred substantial debt. The District Court assigned all debt from after the parties' separation in January 2007 to the party who incurred it and declined Lisa's request for maintenance and attorney fees. Lisa appeals the District Court's division of the marital estate and its denial of maintenance and attorney fees.

## STANDARD OF REVIEW

¶9      We review a district court's Findings of Facts to determine whether they are clearly erroneous. *In re Marriage of Cameron*, 2009 MT 302, ¶ 10, 352 Mont. 375, 377,

217 P.3d 78, 80. Findings of Fact are clearly erroneous if they are not supported by substantial evidence, the court misapprehends the effect of the evidence, or this Court's review of the record convinces it a mistake has been made. *Id.* If the Findings of Fact are not clearly erroneous, we review the District Court's final award decision for abuse of discretion to determine whether the trial judge acted arbitrarily without employment of conscientious judgment or has exceeded the bounds of reason resulting in substantial injustice. *Id.* An award of attorney fees is reviewed for abuse of discretion. *Id.*

## DISCUSSION

¶10 ***I. Did the District Court err in declining to award attorney fees and costs to Lisa Thomas?***

¶11 Our standard of review regarding payment of attorney fees is whether the District Court abused its discretion. *Id.* Under § 40-4-110, MCA, a district court must consider the financial resources of both parties before it orders a party to pay the reasonable costs and attorney fees of another party. We have held that an award "must be based on necessity, must be reasonable, and must be based on competent evidence." *Id.* at ¶ 17. This Court has traditionally weighed the following factors in its decision whether to award attorney fees: the requesting party's inability to pay his or her own attorney fees, the other party's ability to pay attorney fees, and the relative financial positions of the parties. *In re Marriage of Bee*, 2002 MT 49, ¶ 42, 309 Mont. 34, 43-44, 43 P.3d 903, 910. The District Court considered Lisa's employability, Bill's shouldering of the debt, his financial and personal responsibilities associated with raising the parties' two

4

children, and the "difficult financial condition" of both parties. There is no indication that the District Court, in denying Lisa's request, abused its discretion.

¶12 ***Did the District Court err in its division of marital assets?***

¶13 Section 40-4-202(1), MCA, requires a court to consider several situational and financial factors in the division of marital assets, factors which Lisa claims were not applied by the District Court. She avers that the District Court adopted Bill's proposed findings verbatim without applying the statutory factors to the evidence presented at trial. She further asserts that several of the findings contain errors that influenced the District Court's conclusions. In response to Lisa's allegations, Bill states that each finding was, in fact, supported by substantial evidence and that the District Court did not wholesale adopt his proposed findings. Bill proposed that Lisa carry part of the parties' debt. The District Court did not adopt that proposal.

¶14 We review a district court's Findings of Facts to determine whether they are clearly erroneous. *In re Marriage of* Cameron, ¶ 10. Findings of Fact are clearly erroneous if they are not supported by substantial evidence, the court misapprehends the effect of the evidence, or this Court's review of the record convinces it a mistake has been made. *In re Marriage of Toavs*, 2002 MT 230, ¶ 23, 311 Mont. 455, 461, 56 P.3d 356, 360. We find no evidence in the record suggesting that the District Court findings challenged by Lisa were unsupported or in error. There is likewise no indication that the court misapprehended the effect of the evidence. We further find that there was no abuse of discretion. We affirm the District Court's division of marital assets.

5

¶15 ***Did the District Court err in declining to award maintenance to Lisa Thomas?***

¶16 Lisa avers that the District Court failed to consider the maintenance factors required by § 40-4-203, MCA. Section 40-4-203(1), MCA, provides that the District Court may grant maintenance "only if it finds that the spouse seeking maintenance: (a) lacks sufficient property to provide for his or her reasonable needs; and (b) is unable to support himself or herself through employment . . . ." Lisa contends that the District Court did not consider the required statutory factors and seeks a remand for a hearing.

¶17 Absent clearly erroneous findings, we affirm a district court's award of maintenance unless we identify an abuse of discretion. *In re Marriage of Payer*, 2005 MT 89, ¶ 9, 326 Mont. 459, 462, 110 P.3d 460, 462. Here, the maintenance statute not only requires the above-stated § 40-4-203(1), MCA, findings, but also articulates factors the District Court must consider in its decision whether to award maintenance. The statutory factors include: the financial resources of the party seeking maintenance, the time necessary to acquire sufficient education or training for the maintenance-requesting spouse to find appropriate employment, the standard of living and duration of the marriage, the condition of the maintenance-seeking spouse, and the ability of the spouse from whom maintenance is sought to meet the spouse's own needs while meeting those of the spouse seeking maintenance. Section 40-4-203(2), MCA.

¶18 There is no indication that the District Court failed to weigh these factors prior to its maintenance decision. The Findings of Fact paint a portrait of years of overspending, severe debt and multiple mortgages. The District Court also highlighted the impact of the

6

declining economy on Bill's business, and the fact that he now carries full parenting responsibility and the parties' debt. There is no evidence that Bill would be able to simultaneously pay off the debts, raise and support the parties' two children, provide for himself, and pay maintenance to Lisa.

¶19 While the District Court directly addresses the maintenance award in only one finding, it did so in the context of several pages of findings regarding the parties' dire financial situation, each party's employment situation, and Bill's substantial debt and responsibilities. There is no evidence in the record indicating that the District Court's findings were clearly erroneous.

¶20 We have determined to decide this case pursuant to Section I, Paragraph 3(d)(v) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions.

¶21 For the reasons above, we affirm the District Court's decision.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ MIKE McGRATH
/S/ JIM RICE
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS

7