FILED

03/31/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0676

DA 18-0676

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 76N

IN RE THE MARRIAGE OF:

MARYNA BRIVKA,

   Petitioner and Appellee,

 and

ROY NAVOLYNSKI,

   Respondent and Appellant.

APPEAL FROM: District Court of the Nineteenth Judicial District,
       In and For the County of Lincoln, Cause No. DR-16-47
       Honorable Matthew J. Cuffe, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

     Marybeth M. Sampsel, Measure Law, P.C., Kalispell, Montana

   For Appellee:

     Ann C. German, Attorney at Law, Libby, Montana

         Submitted on Briefs: November 6, 2019

            Decided: March 31, 2020

Filed:

        _____
           Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Roy Navolynski appeals from the Order Granting Temporary Maintenance and the Findings of Fact, Conclusions of Law, and Final Decree of the Nineteenth Judicial District Court, Lincoln County, dissolving Navolynski's marriage to Maryna Brivka, distributing the parties' marital assets and liabilities, and awarding Brivka spousal maintenance. We affirm.

¶3 Navolynski and Brivka met online in February 2010. At the time, Navolynski resided in the United States, and Brivka resided in Ukraine. On May 22, 2010, the two married in Kharkiv, Ukraine. After they married, Navolynski traveled to Ukraine five times to visit Brivka while she waited to be approved by the United States Embassy to move to the United States. Brivka moved with her then minor son from a previous marriage to the U.S. approximately eighteen months after her marriage to Navolynski.

¶4 At the time of the marriage, Navolynski owned various real property and businesses near Troy, Montana, including a house, a stone company, an antique store, and rental cabins. He also received disability payments from the Veteran Benefits Administration. Before Brivka moved to the U.S., Navolynski showed her a picture of a large red house that he represented to her they would live in.

2

¶5    When Brivka and her son arrived in Troy, they lived in the large red house with Navolynski, but shared the home with renters. Brivka and her son helped Navolynski construct another house on the property in addition to renovating and constructing additional rental cabins on the property. Brivka worked part-time teaching dance in the Troy schools and at a local fitness center.

¶6    Brivka petitioned the District Court for legal separation in March 2016, and Navolynski later filed for dissolution of the parties' marriage. Brivka and her son moved to a women's shelter for three months. She then moved to a low-income apartment and received food stamps and public assistance to pay for rent and utility bills. Through the help of Job Service Montana, Brivka attended classes to obtain her massage therapy license. Her only income came from tips she received from massage clients. Brivka, a native Russian speaker, took longer to obtain her license due to her limited understanding of the English language.

¶7    During the dissolution proceedings, Brivka moved for temporary maintenance. After a hearing on March 6, 2018, the District Court granted Brivka's motion and awarded her a lump sum of $1,500 to pay her attorney, and temporary maintenance in the amount of $650 per month. On August 16, 2018, the case proceeded to a final hearing on the merits. In its Findings of Fact, Conclusions of Law, and Final Decree, the District Court distributed the parties' marital assets and liabilities and awarded Brivka spousal maintenance in the amount of $1,000 per month for two years.

¶8     We review a district court's division of marital property and award of spousal maintenance to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Patton v. Patton*, 2015 MT 7, ¶ 18, 378 Mont. 22, 340 P.3d 1242. *See also Hollamon v. Hollamon*, 2018 MT 37, ¶ 7, 390 Mont. 320, 413 P.3d 460 (citing *In re Marriage of Crilly*, 2005 MT 311, ¶ 10, 329 Mont. 479, 124 P.3d 1151). "A finding is clearly erroneous if it is not supported by substantial evidence, if the district court misapprehended the effect of the evidence, or if our review of the record convinces us that the district court made a mistake." *Patton*, ¶ 18 (citing *Jackson v. Jackson*, 2008 MT 25, ¶ 9, 341 Mont. 227, 177 P.3d 474).

¶9     "Absent clearly erroneous findings, we will affirm a district court's division of property and award of maintenance unless we identify an abuse of discretion." *Hollamon*, ¶ 7 (quoting *Crilly*, ¶ 10). A district court abuses its discretion if it acts arbitrarily without conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice. *Patton*, ¶ 19. *See also Crilly*, ¶ 10 (citing *In re Marriage of Kotecki*, 2000 MT 254, ¶ 9, 301 Mont. 460, 10 P.3d 828).

¶10    A district court is vested with broad discretion to award a spouse temporary maintenance during the pendency of a dissolution proceeding and maintenance following dissolution of the marriage upon finding "the spouse seeking maintenance: (a) lacks sufficient property to provide for the spouse's reasonable needs; and (b) is unable to be self-supporting through appropriate employment . . . ." Section 40-4-203(1), MCA. A party seeking temporary maintenance must first file a motion and affidavit setting forth

4

"the factual basis for the motion, the amount requested, a list of marital estate liabilities, [and] a statement of sources of income of the parties . . . ." Section 40-4-121(1), MCA.

¶11 If the district court finds an award of maintenance is appropriate, the court must then determine the amount and duration of the award upon finding:

> (a) the financial resources of the party seeking maintenance, including marital property apportioned to that party, and the party's ability to meet the party's needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;
> (b) the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;
> (c) the standard of living established during the marriage;
> (d) the duration of the marriage;
> (e) the age and the physical and emotional condition of the spouse seeking maintenance; and
> (f) the ability of the spouse from whom maintenance is sought to meet the spouse's own needs while meeting those of the spouse seeking maintenance.

Section 40-4-203(2)(a)-(f), MCA; *see also* § 40-4-121(8), MCA (providing that a court may issue an order for temporary maintenance "[o]n the basis of the showing made and in conformity with [§] 40-4-203[, MCA] . . . ."). The district court does not need to make specific findings of fact on each factor as long as this Court can determine on review that the trial judge actually considered these factors. *Hollamon*, ¶ 12 (citing *In re Marriage of Payer*, 2005 MT 89, ¶ 12, 326 Mont. 459, 110 P.3d 460).

¶12 A district court is vested with broad discretion during the pendency of a dissolution proceeding to apportion "the property and assets belonging to either or both [spouses], however and whenever acquired" and apportion the property equitably to each party under the circumstances. Section 40-4-202, MCA; *Hollamon*, ¶ 8; *Hutchins v. Hutchins*,

2018 MT 275, ¶ 31, 393 Mont. 283, 430 P.3d 502; *In re Marriage of Funk*, 2012 MT 14, ¶ 6, 363 Mont. 352, 270 P.3d 39; *Crilly*, ¶ 12. The statute does not require a district court to "award the parties property of precisely equal value." *Hutchins*, ¶ 31 (quoting *In re Marriage of David*, 2009 MT 422, ¶ 21, 354 Mont. 44, 221 P.3d 1209 (citation omitted)). Instead, the statute requires the court to consider:

> the duration of the marriage and prior marriage of either party, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, and needs of each of the parties, custodial provisions, whether the apportionment is in lieu of or in addition to maintenance, and the opportunity of each for future acquisition of capital assets and income.

Section 40-4-202(1), MCA. The district court must also consider the contributions of the other spouse to the marriage, including nonmonetary contributions such as facilitating the maintenance of the property. Section 40-4-202(1), MCA. Section 40-4-202, MCA, factors must be considered and included in the district court's findings and conclusions. *Funk*, ¶ 7.

¶13 Navolynski argues the District Court erred when it awarded temporary maintenance to Brivka because she did not include her marital liabilities in her affidavit as required by § 40-4-121(1), MCA. We disagree.

¶14 Brivka's exclusion of her marital liabilities in her affidavit is inconsequential because both parties had the opportunity to testify, present evidence, and inquire of the other's financial condition at the temporary maintenance hearing. After the hearing, the District Court carefully considered and applied the criteria of §§ 40-4-121(8), and 203(1), MCA, when it determined Brivka was entitled to temporary maintenance in the amount of one lump sum payment of $1,500 to be paid directly to her attorney and monthly support

6

payments of $650 thereafter. Specifically, the District Court determined Brivka did not have full-time employment and had no access to marital property. In contrast, the District Court found Navolynski had several sources of income from his multiple businesses and that he had access to all marital property, which enabled him to pay Brivka some maintenance. The District Court did not err in its award of temporary maintenance.

¶15 Navolynski next argues the District Court erred when it awarded Brivka monthly maintenance of $1,000 for two years following the dissolution of the parties' marriage. We disagree.

¶16 The District Court considered the testimony and evidence presented at the final hearing and applied the relevant factors of § 40-4-203(2), MCA. Specifically, the District Court found Brivka's employment skills and ability to finish her education were limited given the language barrier. The District Court noted Brivka did not incur any debts during the marriage. The District Court did not find Navolynski's testimony regarding his financial condition and ability to pay Brivka maintenance credible. "[T]he District Court is in the best position to observe and judge the witness credibility . . . ." *In re Marriage of Horton*, 2004 MT 353, ¶ 19, 324 Mont. 382, 102 P.3d 1276. The District Court did not err in its final maintenance award.

¶17 Finally, Navolynski argues that the District Court erred in its distribution of marital assets because it failed to determine the net worth of the marital estate. We disagree.

¶18 The District Court thoroughly considered all the factors set forth § 40-4-202(1), MCA. Based on the evidence, the District Court determined that Brivka

had very little understanding of what property the parties had acquired during their marriage, partly due to her limited understanding of the English language. The District Court found that Navolynski refused to testify to his financial condition, including but not limited to his current income, expenses, values of real property, or terms of any mortgages on the real property. Navolynski failed to produce any term sheets or loan agreements at the time of trial or during discovery. Navolynski did not disclose any tax information or a personal property list. Navolynski only testified that he incurred debt on real property around the beginning of the marriage. He described the loan as an "interest only loan" from a private investor for approximately $150,000 and that he did not pay any principal on the loan. Navolynski incurred additional debt on the property in violation of the District Court's temporary economic restraining order. The District Court reasonably concluded that it did not find Navolynski's testimony credible regarding his financial condition. In the present case, where Navolynski failed to provide pertinent information to adequately determine the marital estate's net worth, the District Court properly used its discretion to apportion the marital estate equitably considering the factors set forth in § 40-4-202(1), MCA.

¶19 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. We affirm.

/S/ JAMES JEREMIAH SHEA

8

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JIM RICE
/S/ DIRK M. SANDEFUR