

FILED

09/22/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0447

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 20-0447

MARYNA BRIVKA,

Petitioner and Appellee,

v.

ROY NAVOLYNSKI,

Respondent and Appellant.

FILED

SEP 2 2 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Representing himself, Roy Navolynski moves this Court "to File Late Notice of Appeal" and includes attachments. We deem his motion a petition for an out-of-time appeal. M. R. App. P. 4(6). We amend the caption to comport with M. R. App. P. 2(4).

Navolynski states that he filed a timely notice of appeal with the Lincoln County District Court on August 6, 2020. He explains that he is not trained in law and that he did not know that he must file an appeal with the Clerk of the Supreme Court. When he learned of his misfiling in early September, he states that he promptly submitted his documents to this Clerk's office.

M. R. App. P. 4(6) allows this Court to grant an out-of-time appeal "[i]n the infrequent harsh case and under extraordinary circumstances amounting to a gross miscarriage of justice[.]"

Navolynski includes a copy of the judgment he seeks to appeal. On July 22, 2020, the Lincoln County District Court issued an Order Denying Rule 60 Motion to Vacate. The District Court pointed out that Navolynski requests the court to vacate its September 25, 2018 Findings of Fact, Conclusions of Law and Final Decree that he "has already unsuccessfully appealed . . . ."

Navolynski seeks to have a proverbial second bite of the apple. Through counsel, Navolynski appealed the court's September 25, 2018 Findings of Fact, Conclusions of Law

and Final Decree from Cause No. DR-16-47, and this Court affirmed the District Court. *In re the Marriage of Brivka and Navolynski*, Cause No. DA 18-0676, 2020 MT 76N, ¶¶ 2, 19, 2020 Mont. LEXIS 950. We recognize that a party may appeal a denial of a Rule 60 motion pursuant to M. R. App. P. 4(5)(a)(iv)(E), yet one is not entitled to a second appeal. The legal doctrine of res judicata, also known as claim preclusion, bars Navolynski from pursuing this appeal. "*Res judicata* bars a party from relitigating a matter that [he] has already had an opportunity to litigate." *Baltrusch v. Baltrusch*, 2006 MT 51, ¶ 16, 331 Mont. 281, 130 P.3d 1267 (emphasis in original). The court's 2018 Final Decree and recent Order concern the same parties and same issues that this Court has previously reviewed on appeal. *Marriage of Brivka*, ¶¶ 13-18. "The common purpose of res judicata . . . is to reinforce the authoritativeness of the rule of law and the essential corollary of finality and repose that, 'at some point arguable questions of right and wrong' must, 'for practical purposes,' come to an end. Restatement (Second) of Judgments § Scope Note." *State v. Huffine*, 2018 MT 175, ¶ 15, 392 Mont. 103, 422 P.3d 102 (citations omitted). Navolynski has appealed the final judgment, and this litigation has come to an end. He therefore has not demonstrated extraordinary circumstances pursuant to M. R. App. P. 4(6). Accordingly,

IT IS ORDERED that Navolynski's Petition for an Out-of-Time Appeal is DENIED.

The Clerk of this Court is directed to provide a copy of this Order to Debra Campbell, Clerk of District Court, Lincoln County, under Cause No. DR-16-47; to counsel of record, and to Roy Navolynski personally.

DATED this 22nd day of September, 2020.

_____
Chief Justice

2

_____

_____

_____
Justices