FILED

08/15/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0640

DA 22-0640

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 158N

IN RE THE MARRIAGE OF:

SALLY JO HUFFARD,

      Petitioner and Appellee,

  and

GREGORY ALAN HUFFARD,

      Respondent and Appellant.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR-21-0360
Honorable Colette B. Davies, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Gregory Alan Huffard, Self-Represented, Great Falls, Montana

      For Appellee:

      Matthew B. Gallinger, Gallinger & Stockdale Law Firm, LLC,
Billings, Montana

Submitted on Briefs:  June 7, 2023

Decided:  August 15, 2023

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion for the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Gregory Alan Huffard (Greg) appeals the Findings of Fact, Conclusions of Law, and Final Decree of Dissolution (Order) entered November 2, 2022, in the Thirteenth Judicial District Court, Yellowstone County. Greg argues the District Court did not equitably divide the marital estate. Greg's former spouse, Sally Jo Huffard (Sally), maintains the District Court did not abuse its discretion in dividing the marital estate and that the division of property was equitable. We affirm.

¶3 The parties were married July 4, 1998, and remained married for twenty-two years until they separated in 2020. At the time of the dissolution hearing, Sally was 66 years old and Greg was 68 years old. The parties have one adult child. Sally was a stay-at-home mother for most of the marriage. While she worked various jobs, she is now retired. Greg is a disabled military veteran. Both parties have health concerns. The District Court found that it was unreasonable to anticipate either party could earn significant income from employment given their age and health concerns.

¶4 Sally resides in the former marital home in Billings purchased by the parties nearly 20 years ago. The Court accepted Greg's value of the home of $270,000. The Billings

2

home has no mortgage. The parties paid off the remaining balance of the mortgage—$69,000—in 2017. The District Court found that the proceeds to pay off the mortgage came from Sally's inheritance. The parties also purchased a home in Great Falls for Greg in 2020, near the time of their separation. Sally has never seen the home or been in the home. Sally did not dispute Greg's testimony that the value of the home is $257,000. The home has an outstanding mortgage in the amount of $170,000. Sally was awarded the Billings home and Greg was awarded his home in Great Falls.

¶5 The District Court noted the disparity in the parties' income when it divided the estate. Sally's only consistent source of income is $488 from social security. She has monthly expenses of approximately $1,100 but has a sizeable inheritance to cover the shortfall. Greg receives $4,638.59 in monthly income as follows: $1,644 from his military pension; $1,931.09 for his disability compensation because he is 80% disabled; and $1,063.50 from social security.

¶6 Sally's family had approximately 536 acres of farmland near Hysham, Montana. After Sally's mother died in 2016, Sally and her two siblings inherited the farm. From her inheritance, Sally received approximately $402,183.35 in cash and $121,227.32 in stock between 2016 and 2021. Several accounts were opened with Sally's inheritance. Sally wants to keep her inheritance and Greg, except for a few accounts, does not seek to be awarded anything from the inheritance.

¶7 One such account includes the Yellowstone Bank account which the District Court valued at $118,000. Greg disputes the value on appeal contending the correct amount is

$153,000. In the District Court, Greg did not seek to be awarded any of these funds. He asserts the court's error goes to whether the distribution was equitable.

¶8 The parties jointly owned a brokerage account with a company known as Cetera. The District Court found the account had a balance of $75,740.92 as of September 1, 2022, and that Sally had withdrawn funds since that time. Both parties claim they contributed to this account. The District Court found that it was primarily funded by Sally's inheritance but was "also supported, albeit in smaller increments, by contributions from Greg's pension and disability payments." Because Greg himself had an inheritance of $90,000 which the District Court determined had been completely "blended" with the marital estate, the District Court awarded Greg a $25,000 equalization payment from this account. The court concluded that Greg's inheritance had been used to remodel the kitchen in their Billings home and make other improvements and that the inheritance had been generally depleted. This is distinguishable from the District Court's finding that there was no commingling of the $69,000 that was used from Sally's inheritance to pay off the mortgage on the Billings home.

¶9 Sally drives a 2017 Toyota Yaris which the District Court found was purchased with her inheritance and had a value of $17,000. Greg has a 1988 Ford 250 truck which the court assessed at Greg's estimate of $1,000. The court awarded Sally her vehicle and Greg his vehicle.

¶10 Prior to the parties' marriage, Greg owned 11 acres of land in Augusta, Montana, pursuant to a contract for deed. The court found that the outstanding balance on the

4

contract was $79,937.28 and that Greg was receiving payments on the property of $277 per month. The court awarded the monies from this sale to Greg.

¶11 The court noted that neither party sought maintenance but that the parties' respective sources of monthly income were quite disparate. The court found that "Greg receives nearly ten times monthly what Sally receives [but,] [a]t the same time, because of Sally's inheritance proceeds, her access to liquid accounts is vastly superior to Greg's." The court awarded the Great Falls home to Greg because the mortgage on the home was the parties' only financial debt and Greg's monthly income allowed him to pay that monthly expense. Plus, that was a home purchased for Greg. The court held it was equitable to award Sally the Billings home because her monthly income was minimal and the home did not have a mortgage. The court found that Greg will rebound economically over the years much more quickly than Sally, even factoring in Sally's inheritance.

¶12 We review the district court's findings of fact in a dissolution proceeding to determine whether they are clearly erroneous. A finding is clearly erroneous if it is not supported by substantial evidence, the district court misapprehended the effect of the evidence or our review of the record convinces us that the district court made a mistake. *Bock v. Smith*, 2005 MT 40, ¶ 14, 326 Mont. 123, 107 P.3d 488 (citation omitted). Absent clearly erroneous findings, we will affirm a district court's division of property and award of maintenance unless we identify an abuse of discretion. *In re Marriage of Payer*, 2005 MT 89, ¶ 9, 326 Mont. 459, 110 P.3d 460 (citation omitted). A district court abuses its discretion if it acts arbitrarily without conscientious judgment or exceeds the bounds of

reason, resulting in substantial injustice. *In re Marriage of Kotecki*, 2000 MT 254, ¶ 9, 301 Mont. 460, 10 P.3d 828.

¶13 Greg raises several issues on appeal. We address each in turn.

¶14 First, Greg argues that the District Court erred by determining the value of the Yellowstone Bank account to be $118,000 instead of $153,000. However, Greg's amount was set forth in the documents generated at the July 28, 2021 hearing on Sally's Motion for Temporary Possession of the Residence. The amount determined by the District Court was based on an updated amount provided at the October 18, 2022 hearing. The District Court used the value as of the date of the dissolution hearing. Here, Greg has not set forth any facts indicating the court should have used a different valuation date than that of the dissolution hearing.

¶15 Second, Greg argues that the court erred when it found that the Augusta property sold for $79,937.28 when it sold for $29,000 in 2018. Greg supports his claim with a Chicago Title Seller's Statement which was never disclosed during discovery or entered into evidence during trial. Moreover, during trial, Sally testified to a different figure than Greg and that some of the money from the Contract for Deed was received through an Automated Clearing House transfer on September 5, 2018. Greg testified that the value was $29,000 and that he received $277 per month. The District Court rejected Greg's valuation but accepted the monthly amount he was receiving as $277. Greg does not dispute that he receives this monthly amount. The court used this undisputed monthly

amount when considering the income disparity of the parties and equitably dividing the marital estate. We conclude there was no abuse of discretion.

¶16    Third, Greg asserts that Sally is the beneficiary of a $135,000 land contract through Rocky Mountain Contract Service. Greg has attached a copy of a document to his opening brief. However, again, the document was not admitted at trial. Further, the document shows it is for Sally's mother's trust and Sally is not a party to the contract. Accordingly, we will not consider the document on appeal when it was not first considered by the District Court.

¶17    Fourth, Greg asserts the District Court abused its discretion when it did not award him one-half of the value of the Billings home and one-half of the value of the Great Falls home. Greg's primary argument, however, is that he did not receive one-half of the value for the Billings home. Again, the District Court noted the disparity of income between the parties and set forth its reasoning as to the distribution of the homes. We conclude the court did not abuse its discretion when it distributed the homes.

¶18    Fifth, Greg asserts the court's apportionment of the Cetera account was an abuse of discretion because it did not give Greg one-half of the balance. Here, the District Court specifically found that Sally contributed more to the account than Greg, but nonetheless gave Greg an equalization payment of $25,000. The District Court balanced multiple factors in accordance with the law and did not abuse its discretion in dividing the Cetera account.

7

¶19 Finally, Greg argues the court abused its discretion in the division of the parties' vehicles. The court considered that Sally's Toyota Yaris was bought with her inheritance and did not abuse its discretion, in light of all the circumstances of the parties, when it awarded her the vehicle.

¶20 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶21 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR